FILED

April 2 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0262

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 111N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MICHELLE CHERIE MacPHERSON,
aka MICHELLE CHERIE O'CONNELL,
aka MICHELLE CHERIE BUTTS,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2007-382
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jim Wheelis, Chief Appellate Defender; Lisa S. Korchinski, Assistant
Appellate Defender, Helena, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

Leo Gallagher, Lewis and Clark County Attorney; Mike Menahan, Deputy
County Attorney, Helena, Montana

Submitted on Briefs: March 11, 2009
Decided: April 2, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michelle Cherie MacPherson (MacPherson) appeals from the District Court's order denying her motion to suppress and to dismiss for lack of a particularized suspicion. We affirm.

¶3 A Lewis and Clark County sheriff's deputy was driving on a gravel road on the west shore of Canyon Ferry Lake. The deputy rounded an S corner to find himself face to face with two oncoming cars. The deputy flashed his lights to warn the cars of his presence. The deputy braked to avoid a collision. The cars drove past the deputy. The deputy continued in the same direction until he safely could turn around to follow the cars. The deputy turned and followed the cars based upon the fact that he felt they were creating a hazard by driving on the wrong side of the road. The cars had parked in a pull-off area on the left side of the road. The cars obstructed oncoming traffic. The deputy pulled in behind them. The deputy approached the stopped cars. The deputy eventually arrested MacPherson on suspicion of DUI.

¶4 MacPherson filed a motion to suppress and to dismiss based upon a lack of a

2

particularized suspicion to instigate the investigatory stop. The District Court held a hearing and denied the motion. The court noted that although the road was classified as a mountain highway, its condition was not consistent with what one would contemplate for a mountain road. The State presented evidence that the road was graveled and well graded. MacPherson appeals.

¶5 MacPherson argues that the deputy's activation of his overhead lights caused MacPherson to stop her vehicle at the closest and safest place possible. MacPherson contends that the deputy testified that he had no particularized suspicion when he encountered MacPherson on the S curve. The State counters that MacPherson had no right to operate her car in the oncoming lane of traffic even if the road was designated as a mountain highway. The State argues that a large difference exists between hugging the middle of the roadway and crossing over into the oncoming lane of traffic.

¶6 The District Court's decision to deny a motion to dismiss in a criminal case presents a question of law that we review de novo. We conduct plenary review to determine whether a district court's conclusion is correct. *State v. Howard*, 2008 MT 173, ¶ 8, 343 Mont. 378, 184 P.3d 344. We review a district court's denial of a criminal defendant's motion to suppress evidence to determine whether the district court's findings of fact are clearly erroneous and whether the district court's interpretation and application of the law is correct. *State v. Goetz*, 2008 MT 296, ¶ 9, 345 Mont. 421, 191 P.3d 489. We have determined to decide this case pursuant to Section 1, Paragraph 3(d), of our 1996 Internal Operating Rules,

as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court correctly applied well settled Montana law to the facts of this case.

¶7      We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE